JOSEPHINE R. WARD v. HALLETT S. WARD, JR., AS EXECUTOR AND TRUSTEE OF THE WILL OF ALVIN T. WARD; HALLETT S. WARD, JR., INDIVIDUALLY; HALLETT S. WARD, III, CATHERINE WARD, KNOWN AND UNKNOWN, BORN AND UNBORN HEIRS OF HALLETT S. WARD, III AND CATHERINE WARD, AND WACHOVIA BANK & TRUST COMPANY, N.A., AS TRUSTEE FOR THE "REVEREND JAMES R. LONG MEMORIAL TRUST FUND"

No. 8730SC380

(Filed 22 December 1987)

**Trusts § 6.1— distribution of income—powers of trustee**
  The testator of a residuary trust created under a will clearly intended that the trustee pay all of the trust income to his wife during her lifetime and use his discretion only in invading the trust principal.

APPEAL by guardian ad litem from *Hyatt, Judge.* Judgment entered 23 December 1986 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 26 October 1987.

*Coward, Cabler, Sossomon & Hicks by Kent Coward for plaintiff appellee.*

*Charles W. Hipps for defendant appellant.*

COZORT, Judge.

Plaintiff brought this declaratory judgment action seeking the proper construction of her husband's will. From a judgment construing the will in her favor, defendant guardian ad litem appeals. We affirm.

Alvin T. Ward died testate on 30 January 1984. In his will he named his nephew, Hallett S. Ward, Jr., as executor of his estate and as trustee of the residuary trust created under Item IV of the will. Item IV provided in relevant part:

All the rest and residue of my property, including real, personal and mixed property, wheresoever situated and whensoever acquired, I devise and bequeath to Hallett S. Ward, Jr., in trust nevertheless as hereinafter set forth, to-wit:

(a) If my wife, Josephine R. Ward, survives me, then and in that event my said Trustee will hold and manage the said trust for her exclusive use and benefit for and during the term of her natural life. My Trustee is directed to pay such amounts of and from the income generated by said trust, and from the principal of said trust if he deems same to be advisable, to, for, or on account of my said wife in quarterly installments or more frequently if he deems advisable and if practicable. It is my wish and desire that my said wife be maintained and supported generally in accordance with the standard of living which I have provided for her during our marriage years and my Trustee will be generally guided by that standard. However, at the request of my said wife, my said Trustee may in his discretion expend monies in her behalf that may or might actually exceed the standard of living which we have enjoyed during our married lives together. My Trustee will have all the power and authority granted by law and as hereinafter set forth and he may, if in his sole and absolute discretion he deems it to be advisable, invade the principal of said trust for her use and benefit.

(b) At the death of my wife, Josephine R. Ward, or at my death if she should predecease me, said trust will continue to be held and managed by my said Trustee and the income therefrom will be paid in at least annual installments to my nephew, Hallett S. Ward, Jr., (50%), to my greatnephew, Hallett S. Ward, III, (25%), and to my greatniece, Catherine Ward, (25%).

From the time he qualifed as executor and until this action was brought, the executor/trustee paid all of the income generated by the trust to plaintiff in quarterly or more frequent installments. Plaintiff filed this action for declaratory judgment, however, because a question had arisen as to whether she was entitled to all of the income generated by the trust or whether payment of such was in the trustee's discretion. In her complaint for

declaratory judgment plaintiff requested an interpretation requiring the mandatory distribution of all trust income during her lifetime. The defendants in this action include the executor/trustee, the other beneficiaries named in Item IV of the Will and the known and unknown, born and unborn heirs of certain beneficiaries. A guardian ad litem was appointed for said heirs, and he answered plaintiff's complaint by denying its material allegations. The other defendants admitted the material allegations of the complaint and joined in plaintiff's prayer for relief.

The trial court issued a judgment which ordered the executor/trustee to pay all of the income generated by the trust to plaintiff during her lifetime. The judgment also ordered that he may invade the principal if "in his sole and absolute discretion," he deems it advisable. From this judgment, the defendant guardian ad litem for the heirs appeals.

The sole question for determination on this appeal is whether plaintiff is entitled to all of the trust income during her lifetime. We hold that the payment of the entire trust income is mandatory.

"[T]he dominant purpose in construing a will is to ascertain and give effect to the testator's intent." *Bank v. Carpenter*, 280 N.C. 705, 707, 187 S.E. 2d 5, 7 (1972). "The intent of the testator must be gathered from the four corners of the will and the circumstances attending its execution." *Wing v. Trust Co.*, 301 N.C. 456, 463, 272 S.E. 2d 90, 95 (1980).

In the case *sub judice*, the testator clearly intended that the trustee pay all of the trust income to his wife during her lifetime and use his discretion only in invading the trust principal. Item IV of the will directed the trustee to

> pay such amounts of and from the income generated by said trust, and from the principal of said trust if he deems same to be advisable, to, for, or on account of my said wife in quarterly installments or more frequently if he deems advisable and if practicable.

The comma following the words "generated by said trust" indicates that the income and the principal portions of the trust are to be treated separately. The instructions given before the comma clearly order a mandatory distribution of the entire trust in-

come. The rest of the sentence directs the trustee to make payments from the principal "if he deems same to be advisable." Therefore, the trustee's use of discretion concerns only the payment of principal. This interpretation is supported by an examination of the word "same" in the phrase "if he deems same to be advisable." This word refers back and applies only to the payment of principal and has no application to the distribution of income.

Defendant guardian ad litem argues that the phrase "if he deems advisable and if practicable" qualifies the payment of both income and principal. This phrase, however, has no application to the payment of income or principal. Rather, it refers to the trustee's decision whether to pay plaintiff "in quarterly installments or more frequently."

An overall reading of Item IV further supports the construction set forth by the trial court. In Item IV the testator stated that his wife is to be supported at the standard of living which he provided during their marriage. He then provides that the executor may exceed that standard "if in his sole and absolute discretion he deems it to be advisable . . . for her use and benefit." This discretionary language again refers only to the invasion of principal.

Accordingly, the construction of the will established by the trial court is affirmed.

Affirmed.

Judges WELLS and JOHNSON concur.